MMS:DG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

GEORGE C. COX,

        Petitioner,                                 Docket No. 15-MC-2333 (JG)

  - against -

UNITED STATES OF AMERICA,

        Respondent.

- - - - - - - - - - - - - - - - -X

## MEMORANDUM OF LAW IN OPPOSITION TO THE PETITIONER'S MOTION TO EXPUNGE HIS PRIOR FELONY CONVICTION

                                              ROBERT L. CAPERS
                                              UNITED STATES ATTORNEY
                                              Eastern District of New York
                                              271 Cadman Plaza East
                                              Brooklyn, New York 11201

David Gopstein
Assistant U.S. Attorney
    (Of Counsel)

TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 2

I. The Petitioner's criminal history ........................................................................................ 2

II. The Petitioner's Post-Conviction Employment History .................................................... 4

ARGUMENT .................................................................................................................................. 4

I. The Petitioner's Motion Should Be Denied ....................................................................... 4

   A. The Petitioner's Motion Should Be Denied Because the Petitioner Has Not Established Extreme Circumstances Warranting Expungement. ................................. 4

   B. The Petitioner's Motion Should Be Denied Because the Petitioner's Employment Options May Be Unaffected In Light of His Unrelated Criminal History. .................... 8

CONCLUSION ............................................................................................................................. 9

PRELIMINARY STATEMENT

The petitioner seeks to expunge all records relating to his 1999 conviction for a twelve-year embezzlement scheme that "siphon[ed] off money that should have been paid to disabled veterans." United States v. Cox, No. 98-CR-850 (JG), 2001 WL 920260, at *5 (E.D.N.Y. Aug. 3, 2001). The sole basis for the petitioner's request is his contention that the conviction has resulted in "undue hardship in getting and keeping jobs." Cox v. United States, No. 15-MC-2333 (JG) (E.D.N.Y.), Dkt. No. 1 at ¶ 2. ("Cox Petition").

The petitioner's motion should be denied because the petitioner has failed to show the kind of "exceptional circumstances" that might merit expungement.[1] Despite the petitioner's past attempts to place responsibility for his embezzlement on, *inter alia*, (i) "the police who arrested him"; (ii) "society as a whole"; (iii) the Veteran's Administration ("VA"); and (iv) the bank where misappropriated checks were deposited, the petitioner does not challenge the validity of his conviction or argue that the government has violated any of his constitutional or statutory rights. Cox, 2001 WL 920260, at *3-4. In any event, expungement of the petitioner's conviction for defrauding the VA is not likely to improve his employment situation. The petitioner has an independent criminal history, which includes a 1995 conviction and 1998 arrest arising from his "penchant for bringing prostitutes to hotels (or motels) in Fort Lee, New Jersey, where he would use illegal drugs and do things that made the women scream for help." Id. This criminal history would likely be no more palatable to a prospective employer, thus leaving the petitioner in the same position even if the Court were to grant his request.

---

[1] Because the law is clear that the petitioner's motion for expungement is baseless on its face, the government does not address here the question of whether the Court would have jurisdiction to expunge a lawful criminal conviction. Should the Court disagree and be inclined to grant the petitioner's motion, the government respectfully requests the opportunity to seek discovery from the petitioner regarding the effects of his criminal conviction and to further brief both our opposition to the factual basis for his motion and the jurisdictional issue.

STATEMENT OF FACTS

I.THE PETITIONER'S CRIMINAL HISTORY

The petitioner began working for the VA in January 1986 as a "ratings specialist." Cox, 2001 WL 920260, at *1.  In that role, he reviewed and determined veteran claims for disability benefits.  Id.  After seven months on the job, the petitioned initiated a scheme to embezzle funds from the VA by approving monthly disability payments to a fictitious disabled veteran named "Albert L. Rand."  Id.  The petitioner collected the payments that were made to the fictitious veteran in a savings account he had opened in Rand's name.  Id.  Although the petitioner stopped working for the VA in 1987, he continued to collect the fruits of his fraudulent scheme – ultimately totaling $588,872 – for twelve years.  Id.

The petitioner's scheme was uncovered by chance after the police responded to reports of a woman screaming for help inside a room at the Hilton Hotel in Fort Lee on April 10, 1998.  Id.  The woman fled the scene, but the police found the petitioner in the room "obviously under the influence of drugs."  Id.  The police observed cocaine and drug paraphernalia in plain sight, and recovered crack cocaine and marijuana from his person and outer clothing.  The petitioner was arrested and charged in a New Jersey state court with criminal possession of a controlled dangerous substance.  Id. at *2.  At the time of his arrest, the petitioner had in his possession several pieces of identification bearing his photograph but with the name Albert Rand.  Id.  This discovery led to the petitioner's arrest on federal charges related to his embezzlement from the VA.  Id.

The petitioner pled guilty to both the state and federal charges in 1999.  Id. at *3. After he was taken into federal custody and sentenced by this Court to 33 months, the New Jersey Superior Court dismissed the state case against the petitioner, notwithstanding his guilty plea and conviction.  Cox v. Borough of Fort Lee, No. 05-1498, 2005 WL 2901844, at *1 (3d

2

Cir. Nov. 4, 2005). According to New Jersey Assistant Prosecutor Mark Dispoto, his office moved to dismiss the petitioner's conviction on "administrative" grounds "in light of [his] lengthy federal sentence and because of the expense associated with extraditing [him] to New Jersey to be sentenced." Id. at *1 n.2 (internal citations omitted). Dispoto emphasized that the decision "was not meant, in any way, to suggest that [ ]his office questioned the legal and factual merits of" the case. Id.

After the Superior Court dismissed the state conviction, the petitioner appealed his sentence by this Court. United States v. Cox, 245 F.3d 126 (2d Cir. 2001). Because the dismissal was relevant to the petitioner's criminal history calculation, the Second Circuit remanded the matter for resentencing. Id. On remand, this Court imposed a prison term of 46 months (13 months longer than the term to which petitioner was previously sentenced) on the grounds that the petitioner's post-appeal conduct warranted the removal of the acceptance of responsibility downward adjustment he had previously received. Cox, 2001 WL 920260, at *10. The petitioner again appealed his sentence, and the Second Circuit affirmed this Court's decision. United States v. Cox, 299 F.3d 143, 145 (2d Cir. 2002). The petitioner served his 46-month sentence and completed three years of supervised release. Cox Petition at ¶ 4.

The defendant has criminal convictions that both pre-date and post-date his embezzlement conviction. Specifically, in 1995, the petitioner was convicted of a misdemeanor conviction for assaulting a police officer who responded to another "Fort Lee hotel experience involving illegal drugs and a screaming woman." Cox, 2001 WL 920260, at *3. In 2006, the petitioner was convicted of criminal possession of a controlled substance in the 7th degree, a misdemeanor, in violation of New York Penal Law § 220.03. And in 2009, the petitioner was

3

convicted of intent to obtain transportation without paying, also a misdemeanor, in violation of New York Penal Law § 165.15.

II.     THE PETITIONER'S POST-CONVICTION EMPLOYMENT HISTORY

Aside from excerpts of three emails spanning a nine-year period – one of which was sent to multiple recipients and merely indicates that a background check would be conducted on the applicants – the petitioner has not provided substantive information about his post-conviction employment history or attempts to secure employment. As such, it is not clear whether the petitioner has maintained employment since his release from prison or, if not, how he has actively searched for employment. Moreover, to the extent that the emails suggest that the petitioner may have been rejected for employment as a result of his criminal history, it is not clear whether the petitioner was rejected specifically because of his felony conviction – rather than, for example, his 1995 misdemeanor conviction or his 1998 arrest and guilty plea.

ARGUMENT

I.      THE PETITIONER'S MOTION SHOULD BE DENIED

The petitioner's motion to expunge his felony conviction on equitable grounds should be denied for at least two reasons. First, the petitioner has not shown that he is entitled to such relief. Second, such relief is not likely to advance the petitioner's search for employment in light of his independent criminal history.

   A.   The Petitioner's Motion Should Be Denied Because the Petitioner Has Not Established Extreme Circumstances Warranting Expungement.

The decision to grant a motion for expungement "lies within the equitable discretion of the court, and relief usually is granted only in extreme circumstances." United States v. Schnitzer, 567 F.2d 536, 539-540 (2d Cir. 1977); accord, e.g., United States v. Schonsky, No. 05-CR-00332 (JG), 2015 WL 2452550, at *1 (E.D.N.Y. May 1, 2015).

4

The petitioner argues that such "extreme circumstances" are present here because: (1) the conviction "is distant in time and nature from his present life"; (2) he "has demonstrated that his criminal record has had a dramatic adverse impact on his ability to work"; (3) a "sentence of 33 months (later increased to 46 months) plus 3 years supervised release is not supposed to lead to a lifetime of unemployment"; and (4) "the argument that prospective employers must know about this conviction because it took place in and around money is not valid." Cox Petition at ¶¶ 6-10. These arguments do not establish the sort of "extreme circumstances" that merit expungement.

What petitioner seeks is nothing more than expungement based solely on the alleged adverse employment consequences of his conviction. But as this Court has recognized, courts in this circuit "have traditionally declined to expunge records based on adverse employment consequences alone." Doe v. United States, 2015 WL 2452613, at *5 n.27. Indeed, "[n]umerous cases stand for the proposition that [d]ifficulty in obtaining employment because of a criminal record is not enough to justify expungement." Joefield v. United States, No. 13-MC-367 (JBW), 2013 WL 3972650, at *3 (E.D.N.Y. Aug. 5, 2013) (collecting cases) (internal quotation marks omitted); see Oyebola v. United States, No. 10-MC-425 (JG), 2010 WL 2880167 (E.D.N.Y. July 20, 2010) (denying motion to expunge where petitioner "cannot find new employment because of her criminal record," because "the law does not permit expungement based on such circumstances") (quoting United States v. James, No. 97–CR–715 (ILG), 2003 WL 21056989, at *2 (E.D.N.Y. Feb.13, 2003)).[2] This is so even if a petitioner has

---

[2] See also, e.g., United States v. Barrow, No. 06-CR-1084, 2014 WL 2011689, at *1 (S.D.N.Y. May 16, 2014) (denying motion for expungement where "conviction has impeded his professional and educational progress"); Moss v. United States, No. 09-MC-495 (JFB), 2011 WL 1706548, at *3 (E.D.N.Y. May 4, 2011) (denying motion to expunge by petitioner who was disqualified from service as a substitute teacher and tutor because of her conviction); United

5

lived a "law-abiding" or "exemplary life" since his or her conviction. See e.g., Ali v. United States, No. 13-MC-342 (MKB), 2013 WL 4048498, at *2 (E.D.N.Y. Aug. 9, 2013); Holmes v. United States, No. 1999-MC-0106 (MDG), 2005 WL 1320149, at *2 (E.D.N.Y. June 2, 2005); see also United States v. Robinson, No. 04-CR-0580 (VVP), 2007 WL 2077732, at *2 (E.D.N.Y. July 18, 2007) ("[C]ourts . . . reserve expungement primarily for the rare and extreme circumstance when an arrest or conviction is invalidated by government error or misconduct and the defendant's innocence is presumed.").

The petitioner has presented no reason to go against this well-established law. Although the petitioner claims that the reasons for his application "mirror those that this Court found compelling for Jane Doe in [a recent case before your Honor, Doe v. United States, No. 14-MC-1412 JG, 2015 WL 2452613 (E.D.N.Y. May 21, 2015),]" the petitioner could not be more differently situated than Jane Doe. ***First***, unlike Ms. Doe, the petitioner has a criminal history apart from the instant offense, including arrests on two prior occasions for separate incidents relating to his "taking [of] women to hotel rooms and causing them to scream for help so loudly that the hotel personnel summon the police." Cox, 2001 WL 920260, at *9. These incidents took place in 1995 and 1998, while Cox's twelve year scheme to defraud the VA was

---

States v. Thompson, No. 10-MC-537 (JO), 2010 WL 3614921, at *1 (citing Schnitzer, 567 F.2d at 540) (denying motion for expungement by petitioner who "encountered obstacles" to employment due to her criminal record); Gardner v. United States, No. 10-MC-0159 (KAM) (JO), 2010 WL 2292222, at * 1 (E.D.N.Y. Apr. 23, 2010) (denying motion to expunge by petitioner who claimed his conviction "prejudice[d] his employment prospects"); Fernandez v. United States, No. 09-MC-326 (CPS), 2009 WL 2227140, at *2 (denying motion to expunge by an unemployed petitioner who was having trouble obtaining employment); United States v. Morelli, 1999 WL 459784, at *3 (S.D.N.Y. June 30, 1999) (denying motion to expunge because petitioner "does not come remotely close to demonstrating the 'extreme circumstances' that would justify the relief that he seeks" despite his limited employment options and the significant medical expenses he faces for a sick child); Slansky v. White, No. 96-CV-2338 (JFK), 1996 WL 312401, at *2 (E.D.N.Y. June 10, 1996) (denying motion to expunge by petitioner who was fired from a job when a background check revealed his conviction).

6

ongoing. The women involved in the incidents – presumed to be prostitutes – did not press charges against Cox. However, he was convicted of a misdemeanor for assaulting a police officer who responded to the scene of the 1995 incident. He was also convicted upon a plea of guilty for criminal possession of a controlled substance in connection with the 1998 incident, although this conviction was later dismissed for "prudential reasons." Id. at *14. Since completing his sentence for the instant offense, the petitioner has been convicted of two additional misdemeanors.[3]

*Second*, Ms. Doe's criminal conduct was markedly different from that of the petitioner. Ms. Doe was a single mother who served as a "minor participant" in an insurance scheme for a payout of $2,500. Doe, 2015 WL 2452613, at *5. In stark contrast, the petitioner was the sole perpetrator and beneficiary of a twelve-year fraud that yielded over half a million dollars – a sum that should have been distributed to the disabled veterans that he had been tasked with assisting in his role as a ratings specialist at the VA. The petitioner specifically used his training as a VA employee "to help commit [and] cover up [his] crime" – thus suggesting that the petitioner poses a "heightened risk to prospective employers" in similar fields where he may be tasked with financial or accounting duties. Id. The scope, nature, and sophistication of the petitioner's scheme – not to mention its patent greed – find no precedent in Ms. Doe's case.

*Third,* unlike Ms. Doe, the petitioner repeatedly blamed his criminal conduct on others. At his sentencing for the instant offense, the petitioner blamed his victims for his fraud, and even asked this Court to split his sentence into thirds: "one-third for the bank, one third for the [VA], and one third for me." Cox, 2001 WL 920260, at *5. The petitioner also blamed his

---

[3] Although the petitioner claims that he has "walked the straight and narrow path" since his federal conviction (Cox Petition at ¶ 7), he does not mention his two subsequent misdemeanor convictions.

7

1998 arrest for criminal possession of a controlled dangerous substance on racial profiling, even as his own lawyer acknowledged that "up to the moment that the authorities opened the door to his hotel room [where a woman was heard screaming for help] they probably had no idea whether the occupant of that room was black, white or green." Id. at *9.  The petitioner's lack of acceptance of responsibility and "outrageous remarks at the sentencing proceeding" (id. at *5) once again find no precedent with Ms. Doe.

*Fourth,* whereas Ms. Doe "was intent on keeping up with her restitution obligation" in spite of her "dire financial circumstances," (id. at *2), the petitioner has failed to make a single restitution payment in ten years.  In 2001, this Court ordered the petitioner to pay $588,872 in restitution.  To date, the petitioner has paid a total of $637.11.[4]

Against this backdrop, even if difficulty in obtaining employment constituted an "extreme circumstance" (which it does not), the petitioner is not entitled expungement.

B.   The Petitioner's Motion Should Be Denied Because the Petitioner's Employment Options May Be Unaffected In Light of His Unrelated Criminal History.

The petitioner does not (and cannot) move this Court to expunge records relating to his 1995 and 1998 New Jersey cases or his 2006 and 2009 New York cases – records which may have as much of an impact on the petitioner's employment prospects as his felony

---

[4] Additionally, the petitioner has not adequately demonstrated that he has engaged in a sustained search for employment and that such search has been thwarted by his felony criminal conviction.  The petitioner has provided three emails, spanning a nine-year period, suggesting that he has at least twice been foreclosed from an employment opportunity as a result of his background.  Notably, the petitioner does not contend (nor do the emails suggest) that he would have passed background checks absent his felony conviction given his multiple arrests and misdemeanor convictions.  While it seems likely that the petitioner's criminal record has made finding and keeping a job more difficult than that process would have been for someone without a criminal history, this does not establish the sort of "dramatic adverse impact on [his] ability to work" that this Court has previously held to be a factor in finding exceptional circumstances warranting expungement.  See Doe, 2015 WL 2452613, at *5.  Moreover, there is no indication that the petitioner has made an effort to find employment that does not require him to handle money or client funds.

8

conviction. See, e.g., Robinson, 2007 WL 2077732, at *4 (rejecting motion to expunge misdemeanor conviction based on impact on employment but acknowledging the increased difficulty in getting a job with such a conviction); United States v. Hasan, No. 98-CR-786 (ILG), 2002 WL 31946712, at *2 (E.D.N.Y. Dec. 4, 2002) (same); Schnitzer, 567 F.2d at 539 ("The deleterious effect of arrest records on citizens has been well documented[.]").[5] Indeed, in evaluating expungement requests, courts apply the same "extreme circumstance" standard whether or not the crime at issue is a felony or misdemeanor, Robinson, 2007 WL 2077732, at *4, and whether or not it led to an arrest or a conviction. Morelli, 1999 WL 459784, at *1. Thus, even if the Court were to grant the petitioner's request to expunge his felony conviction, the petitioner may experience the same hurdles to employment because a criminal background check would reveal his unrelated criminal history.

## CONCLUSION

For the foregoing reasons, the petitioner's motion to expunge should be denied.

Dated:  Brooklyn, New York
        January 8, 2016

                                        Respectfully submitted,

                                        ROBERT L. CAPERS
                                        United States Attorney
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201

                                By:     /s/ David Gopstein
                                        David Gopstein
                                        Assistant United States Attorney
                                        (718) 254-6153

---

[5] Subject only to a narrowly curtailed exception for "arrests and court actions concerning nonserious offenses" such as disturbing the peace, drunkenness, vagrancy, and traffic violations, criminal history records – including misdemeanor and felony arrests and convictions – are maintained in several repositories by the Attorney General. See 28 U.S.C. § 534(a)(1); 28 C.F.R. § 20.32(b); 28 C.F.R. § 20.33(a)(3).